NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

J. C. PENNEY COMPANY, INC., STORE NO. 29–9, Respondent.

No. 78–3329.

United States Court of Appeals, Ninth Circuit.

May 1, 1980.

Allison W. Brown, Jr., Atty., N. L. R. B., Washington, D. C., argued for petitioner; Elliott Moore, Washington, D. C., on brief.

David W. Byers, Buena Park, Cal., for respondent.

Before TANG and FARRIS, Circuit Judges, and BEEKS,* District Judge.

FARRIS, Circuit Judge.

The National Labor Relations Board petitions this court to enforce its order requiring J. C. Penney, store No. 29–9, to bargain with the company's auto center employees' bargaining representative. The company contends that its auto center employees do not constitute an appropriate bargaining unit. We disagree and enforce the Board's order.

J. C. Penney's store No. 29–9 is a retail department store located in Spokane, Washington. The store is located in a shopping mall and consists of a main store building and an auto center. On June 22, 1977, Local 582[1] filed a petition with the Board seeking a representation election in a unit composed of only the auto center employees. On August 3, the Regional Director determined that the auto center employees constituted an appropriate unit and directed that an election be held. The company filed a request for review of the Regional Director's decision with the NLRB which the Board denied because the company raised no substantial issue warranting review. On September 2, the union won the representation election and was certified as the auto center employees' bargaining representative.

On November 7, the company refused the union's request to bargain collectively on the ground that its auto center employees did not constitute a proper bargaining unit. On November 15, the union filed an unfair labor practice charge with the Board alleging that the company's failure to bargain violated Sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(5) and (1). On August 23, 1978, the Board issued a decision finding that the company had violated Sections 8(a)(5) and (1) of the NLRA and ordered the company to bargain with the union. The NLRB petitions this court to enforce its order.

 Because the issue of bargaining unit determination is within the particular expertise of the NLRB, we will not overturn a decision of the Board unless there has been an abuse of discretion. *Beck Corp. v. NLRB*, 590 F.2d 290, 292 (9th Cir. 1978). *See also NLRB v. Don Burgess Const. Corp.*, 596 F.2d 378, 386 (9th Cir.), *cert. denied*, 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979); *NLRB v. Morse Shoe, Inc.*, 591 F.2d 542, 545 (9th Cir. 1979). The Board is not required to select the most appropriate bargaining unit; "it is sufficient if the unit chosen is within the range of units appropriate under the circumstances." *Beck Corp. v. NLRB, supra*, at 292. Because unit determinations are dependent on slight variations of facts, the Board decides each case on an *ad hoc* basis, *Pacific Southwest Airlines v. NLRB*, 587 F.2d 1032 (9th Cir. 1978), and it is not strictly bound by its prior decisions. *NLRB v. Albert Van Luit & Co.*, 597 F.2d 681, 686 n.3 (9th Cir. 1979).

 The critical consideration in determining the appropriateness of a bargaining unit is whether the employees in the unit share a "community of interest." *See Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 172–73, 92 S.Ct. 383, 394, 30 L.Ed.2d 341 (1971). In determining whether the requisite "community of interest" exists, the Board considers:

(1) similarity in employee skills, duties and working conditions; (2) integration of function and personnel; (3) employees organizational framework; (4) employee choice; (5) extent of union organization; (6) bargaining history.

---

* Honorable William T. Beeks, Senior District Judge for the Western District of Washington.

1. Driver Salesmen, Warehousemen, Food Handlers, Clerical and Industrial Production Local 582, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America.

*NLRB v. Big Three Industries, Inc.*, 602 F.2d 898, 903 n.5 (9th Cir. 1979); *Pacific Southwest Airlines v. NLRB*, 587 F.2d 1032, 1038 (9th Cir. 1978). The issue here is whether the Board's finding that the auto center employees shared a "community of interest" apart from the company's other employees is supported by substantial evidence.

The record indicates that the auto center employees are all skilled in the sale and installation of auto parts while their main store counterparts are generally involved in the sale of a wide range of other consumer goods. Although all of the company's employees enjoy the same fringe benefits, the auto center employees work longer hours than main store personnel. There is also little temporary or permanent transfer of employees between the auto center and the main store. All auto center work, other than the storage of excess parts, is conducted at the auto center which is located 100–200 feet from the main store. Although the auto center employees have elected Local 582 as their bargaining representative, there is no indication that the main store employees seek union representation, and there is no past history of collective bargaining between the store and its employees. These facts support the Board's conclusion that the auto center employees share a "community of interest" separate from the main store employees, and that the auto center is an appropriate bargaining unit.

Enforced.