**Michael D. CAPPA, Plaintiff-Appellant,**

v.

**Phillip WISEMAN, individually and dba Denticator, Denticator Co., Inc. a corporation, and Warehouse Union Local 860, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Defendants-Appellees.**

No. 79–4237.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 1981.

Decided Oct. 19, 1981.

Rehearing and Rehearing Denied
Dec. 30, 1981.

Francis J. McTernan, Garry, Dreyfus, McTernan, Brotsky, Herndon & Pesonen, San Francisco, Cal., for plaintiff-appellant.

Robert C. Nicholas, Haas & Najarian and Beeson, Tayer & Kovach, San Francisco, Cal., on brief for defendants-appellees.

A. Roger Jeanson, San Francisco, Cal. (argued), for Wiseman, et al.

Patrick J. Szymanski, San Francisco, Cal. (argued), for Teamsters.

Before TANG and FLETCHER, Circuit Judges, and KING,* District Judge.

SAMUEL P. KING, District Judge:

The issue before this court is whether an employer and a union limited the scope of a bargaining unit by orally agreeing to restrict the terms of the written master collective bargaining agreement to a single shipping and receiving clerk employed by appellee Denticator and, if so, whether this was done properly.

Appellant brought this action under section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), seeking damages for appellee Denticator's alleged failure to compensate appellant at the rates to which he claimed he was entitled under the master agreement. Appellant also made a claim against appellee Warehouse Union, Local 860 ("the union")[1] for breach of its duty of fair representation. Defendants-appellees claimed that contem-poraneously with the execution of the master agreement, they orally agreed to apply the terms of the written master agreement only to the single position of shipping and receiving clerk. This agreement, they claimed, excluded from coverage under the master agreement appellant's subsequently-created position of "order filler" even though appellant's employment duties were covered by job classifications contained in the master agreement. Appellant did not seek to join the union during his tenure at Denticator and the union did not seek his membership. The district court found that appellees entered the same oral agreement each year after 1957 and, consistent with the terms of the oral agreement, applied the terms of the master agreement only to the single shipping and receiving clerk.

In an opinion on a motion for summary judgment made by appellees, District Judge Orrick discussed "(1) whether or not the parol evidence rule, as applied to this Agreement, permits the consideration of extrinsic evidence [of the oral agreement] to vary the terms of the written contract, and (2) whether or not there exists any element of substantive national labor policy which forbids the parties from entering into the kind of oral agreement in evidence here." *Cappa v. Wiseman,* 469 F.Supp. 437, 439 (N.D.Ca.1979). The district court found that consideration of the oral agreement was appropriate, that the evidence disclosed the existence of a limitation on the scope of the bargaining unit, and that the agreement, in form and substance, was proper. The court, finding no genuine issue of material fact, granted appellees' motion for summary judgment and judgment was entered dismissing the complaint.

The district court opinion did not directly discuss whether there is jurisdiction to hear such a section 301 case in United States District Court or whether instead the National Labor Relations Board ("NLRB")

* Honorable Samuel P. King, Chief United States District Judge, District of Hawaii, sitting by designation.

1. Warehouse Union, Local 860, International Brotherhood of Teamsters, Chauffeurs, Ware-housemen and Helpers is a labor union representing warehouse employees in the San Francisco Bay Area.

may have primary jurisdiction. As the district court noted, because of its disposition of the contract claim, it did not reach the claim of breach of duty of fair representation by the union. Therefore, the jurisdictional issue as to that alleged breach is not before this court.

■ "Section 301[2] [footnote added] provides a statutory mechanism for vindicating contract rights under a collective bargaining agreement." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 511 (9th Cir. 1978). Appellant could bring this section 301 action in district court since he was seeking to recover wages to which he claimed he was entitled under the terms of the collective bargaining agreement. This court has held that an employee may bring suit in district court under section 301 to vindicate such "uniquely personal rights" as wages. *Id.* However, some issues that arise under the terms of a collective bargaining agreement may be subject to the primary jurisdiction of the NLRB and courts should defer to this jurisdiction. For example, this court has held that "district courts may not decide, independent of the NLRB, the merits of an unfair labor practice defense to enforcement of a collective bargaining agreement in a section 301 action." *Waggoner v. R. McGray, Inc.*, 607 F.2d 1229, 1235 (9th Cir. 1979).

The issue in this case, as stated by the district court, is "[w]hether an employer and a union, in applying the terms of an industry-wide collective bargaining agreement to the employer's workplace, may orally agree to limit the scope of the bargaining unit to which the agreement shall apply...." 469 F.Supp. at 438. As the district court noted, the NLRB, under 29 U.S.C. § 159(b), has the authority to determine whether or not a particular bargaining unit is "appropriate." This court has held that Congress, in enacting section 301, did not intend to vest the courts with initial authority to pass upon "questions of representation and determination of appropriate bargaining units." *Local No. 3–193 Intern. Woodworkers v. Ketchikan Pulp*, 611 F.2d 1295, 1301 (9th Cir. 1980). As the district court correctly found, the appropriateness of the bargaining units, in the sense that the NLRB determines it, is not an issue in this case.

■ The determination of appropriateness is within the expertise of the NLRB, see *Sohio Petroleum Co. v. N.L.R.B.*, 625 F.2d 223 (9th Cir. 1980); *N.L.R.B. v. J. C. Penney Co., Inc.*, 620 F.2d 718 (9th Cir. 1980); *Beck Corp. v. N.L.R.B.*, 590 F.2d 290 (9th Cir. 1978), but the NLRB's role is limited by the language of section 9(b) of the LMRA, 29 U.S.C. § 159(b).[3]

The Labor Act places upon the Board the responsibility of determining the appropriate group of employees for the bargaining unit. In accordance with this delegation of authority, the Board may decide that all employees of a single employer form the most suitable unit for the selection of collective bargaining representatives, or the Board may decide that the workers in any craft or plant or subdivision thereof are more appropriate.

*Pittsburgh Plate Glass Co. v. Board*, 313 U.S. 146, 152, 61 S.Ct. 908, 912, 85 L.Ed. 1251 (1941). In making this determination, the critical consideration for the NLRB, "whether the employees in the unit share a 'community of interest'", *Sohio Petroleum, supra*, 525 F.2d at 225, is unlike the determination in this case. Here, the threshold

---

2. Section 301(a), 29 U.S.C. § 185(a), provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

3. Section 9(b), 29 U.S.C. § 159(b), provides, in pertinent part:

The Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this subchapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof: ....

issue is one of contract law—whether evidence of an oral agreement should be admitted to aid in interpretation of a written collective bargaining agreement. This is an area not within the expertise of the NLRB but rather one traditionally within the expertise of the courts, and court determination of the issue does not conflict with our previous holding that issues of representation and appropriateness of bargaining units are within the primary jurisdiction of the NLRB. *See Local No. 3–193, supra.*

■■■ Within the statutory framework of appropriateness, employers and unions may stipulate to the composition of a bargaining unit and the NLRB is then limited to the terms of the stipulation unless these terms violate statutes or national labor policy. *N.L.R.B. v. Mercy Hospitals of Sacramento, Inc.,* 589 F.2d 968, 972 (9th Cir. 1978), *cert. denied,* 440 U.S. 910, 99 S.Ct. 1221, 59 L.Ed.2d 458 (1979). The district court in the instant case found that the oral agreement did not violate any statute or national labor policy. Plaintiff-appellant in fact did not challenge the propriety of the agreement and conceded that the parties to a collective bargaining arrangement may by agreement define the scope of the bargaining unit. The district court was required to enforce the written and oral terms of the collective bargaining agreement, a matter over which the district court expressly is granted jurisdiction under section 301 and not a matter delegated to the NLRB under section 9(b). Therefore, there is jurisdiction in this Court to review the judgment of the district court.

On the merits, we adopt the reasoning and decision of the district court found at 469 F.Supp. 437 (N.D.Ca.1979).

AFFIRMED.

FLETCHER, Circuit Judge, dissenting:

I dissent. I cannot distinguish this case from *Local 3–193, International Woodworkers v. Ketchikan Pulp Co.,* 611 F.2d 1295 (9th Cir. 1980). The interpretation of the contract depends entirely on the resolution of the question of whom the union represents. We agree that the Board is bound by the stipulation of the parties as to the composition of the bargaining unit unless the stipulation violates applicable statutes or settled Board policy. *See, e. g.,* 29 U.S.C. § 159; *NLRB v. Mercy Hospital,* 589 F.2d 968 (9th Cir. 1978). Accordingly, to reach the result it reached, it was necessary for the district court to make a finding that the agreement did not violate national labor policy, a finding that it made. This is a question properly left to the Board. I would stay the case pending a determination of the bargaining unit by the Board.