In re QUINTA CONTRACTORS, INC., Debtor.

Raymond J. DONOVAN, Secretary of Labor, U.S. Dept. of Labor, Plaintiff,

v.

QUINTA CONTRACTORS, INC. and John J. Thomas, Esq., Defendants.

Bankruptcy No. 5–81–00232.
Adv. No. 5–82–0774.

United States Bankruptcy Court,
M.D. Pennsylvania.

June 10, 1983.

Mark V. Swirsky, U.S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

John H. Doran, Wilkes-Barre, Pa., for debtor.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

■ The United States Secretary of Labor (the Secretary) commenced this adversary proceeding seeking a determination that the automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code does not bar him from instituted administrative proceedings under the Davis-Bacon Act (the Act), 40 U.S.C. § 276a *et seq.*, to establish the extent of the debtor's liability under that Act and to establish whether funds withheld by the Secretary under the Act are property of the debtor's bankruptcy estate. For the reasons stated herein we find that the automatic stay is no bar to the Secretary's commencement of an administrative proceeding under the Act.

Prior to 1978 the United States executed several contracts with the debtor for the performance of certain services. The contracts incorporated the provisions of the Act and specified the rate of pay for certain enumerated classes of employees of the debtor. The contracts required the debtor to pay his employees their contracted wages as a condition precedent to the debtor's right to receive payment from the government under the contract. Upon receiving notice that the debtor was not making proper payments to its employees the Secretary withheld the government's payments under the contract pursuant to § 1 of the Act, 40 U.S.C. § 276a. Section 3 of the Act, 40 U.S.C. § 276a–2, authorizes the Comptroller General of the United States to pay directly to employees any wages owed them under the Act from the withheld fund. In the case at bar the fund was established prior to the debtor's filing for relief under Chapter 7 of the Bankruptcy Code.

■ Immediately upon the filing of a petition for relief under the Bankruptcy Code a stay arises which generally bars all debt collection activities against the debtor or the property of his bankruptcy estate. 11 U.S.C. § 362(a). The Secretary asserts that its commencement of an administrative proceeding under the Act is not barred by § 362(a) since § 362(b)(4) provides that "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power" shall not be stayed by § 362(a). As stated by the United States Supreme Court, the "language of the [Davis-Bacon] Act and its legislative history plainly show that it was not enacted to benefit contractors, but rather to protect their employees from substandard earnings by fixing a floor under wages on Government projects." *United States v. Binghamton Construction Co.*, 347 U.S. 171, at 176–77, 74 S.Ct. 438, 441, 98 L.Ed. 594, *reh. den.* 347 U.S. 940, 74 S.Ct. 625, 98 L.Ed. 1089 (1954). *Binghamton* and the language of the statute indicate that the Act is a police or regulatory statute. As stated in the legislative history of 11 U.S.C. § 362(b)(4):

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, envi-

ronmental protection, consumer protection, safety or similar police or regulatory laws, or attempting *to fix damages* for violation of such a law, the action or proceeding is not stayed under the automatic stay. (Emphasis added).

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, at 6299. Consequently, the Secretary's commencement of an administrative proceeding to establish the debtor's liability under the Act is not stayed by § 362(a). To the extent that the amount withheld by the Secretary exceeds the amount of the debtor's liability under the Act the difference is property of the bankruptcy estate. *Selby v. Ford Motor Co.,* 590 F.2d 642 (6th Cir.1979) (recognizing that a statutory trust created under a Michigan statute was effective to keep property from the debtor's bankruptcy estate).

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.