In re WESTERN STATES DRYWALL, INC., Debtor.

Bernie R. RAKOZY, Trustee, Plaintiff,

v.

DIVERSIFIED TURNKEY CONSTRUCTION CO., and United States of America, Defendants.

Adv. No. 92–6055.
Bankruptcy No. 91–01258.

United States Bankruptcy Court,
D. Idaho.

Jan. 25, 1993.

Jed W. Manwaring, Evans, Keane, Koontz & Gibler, Boise, ID, for plaintiff.

Andrea M. Pogue, Asst. U.S. Atty., D. Idaho, Boise, ID, for defendant U.S.

D. Blair Clark, Ringert, Clark, Chartered, Boise, ID, for Western States Drywall, Inc.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The United States Attorney has moved to stay further proceedings in this adversary proceeding pending a decision by an administrative law judge for the U.S. Department of Labor on some of the same issues here involved. Bernie Rakozy ("trustee"), the trustee in bankruptcy for Western States Drywall, Inc. ("debtor"), opposes stay of the adversary proceeding. In addition to this motion for a stay, the administrative law judge for the U.S. Department of Labor has requested that the Court clarify its order of March 2, 1992.

## FACTS

The following is a summary of the allegations in this case, together with a history of the proceedings. Diversified Turnkey Construction Co. ("Diversified") was hired as a general contractor by the U.S. Navy to perform certain construction work at Miramar and Coronado, California. Diversified in turn subcontracted some of this work to the debtor. An investigator for the Navy

concluded the debtor was in violation of the Davis–Bacon Act, 40 U.S.C. § 276a et seq., and the Navy withheld payments due to Diversified and the debtor for the completed work. The debtor subsequently filed a chapter 11 petition in this court.

The United States moved to withdraw the reference of the chapter 11 petition to the district court. During the pendency of this motion, the United States moved to stay all proceedings in this court. On December 9, 1991, this motion was denied. The district court subsequently denied the motion to withdraw reference. The debtor then moved for a determination that the automatic stay applied to administrative proceedings by the U.S. Department of Labor to determine the debtor's liability for the allegedly unpaid back wages. In an order issued March 2, 1992, the Court denied the debtor's motion, finding that the automatic stay did not apply to these administrative proceedings.

The trustee then filed this adversary proceeding on March 4, 1992, against the United States and Diversified for the unpaid wages. The trustee alleges the debtor was not in violation of the Davis–Bacon Act, and that the U.S. Navy investigator wrongfully and in bad faith concluded there was a violation. The trustee seeks judgment against the United States and Diversified for $163,224.84 (representing that portion of the withheld payments due and owing to the debtor). Diversified cross-claimed against the United States. The United States moved to dismiss the complaint, on the grounds the United States had not waived its sovereign immunity. The Court denied that motion on September 29, 1992.

## DISCUSSION

■ The first issue regards the scope of the Court's order of March 2, 1992. That decision cited *Eddleman v. U.S. Dep't of Labor,* 923 F.2d 782 (10th Cir.1991), and *Donovan v. Quinta Contractors, Inc. (In re Quinta Contractors, Inc.),* 34 B.R. 129 (Bankr.M.D.Pa.1983), and held the automatic stay did not apply to an administrative proceeding by the Department of Labor to determine if the debtor had violated the Davis–Bacon Act. Such administrative proceedings were exempt from the automatic stay as a "proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," under section 362(b)(4). The Court then stated: "[O]nce the department has determined if the debtor violated the act and the extent of the debtor's liabilities, the collection of any liability must be pursued under the provisions of Title 11 of the United States Code." In *Eddleman,* the Tenth Circuit held the automatic stay did not apply to Department of Labor administrative proceedings to liquidate back wages due employees under the Service Contract Act, 41 U.S.C. §§ 351–58. 923 F.2d at 790–91.

The opinion of March 2, 1992, is not restricted to stating that the automatic stay is inapplicable only with regard to the debarment of the debtor from accepting government contracts. The scope of the order contemplates that the Department of Labor administrative proceedings would also be free to determine the extent of any back wages owing to the employees of the debtor.

This is consistent with both the text of the statute and case law. Section 362(b)(5) exempts from the automatic stay the enforcement of judgments obtained by a governmental unit in enforcement of the governmental unit's police or regulatory power, with the sole exception of enforcement of a money judgment.[1] The Ninth Circuit has held the entry of a money judgment by

---

1. Section 362(b) provides in part:
   (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay—
       *   *   *   *   *   *
   (5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; ....
   11 U.S.C. § 362(b)(5).

a governmental unit is not prohibited by this provision.

> "In common understanding, a money judgment is an order entered by the court or by the clerk, after a verdict has been rendered for plaintiff, which adjudges that the defendant shall pay a sum of money to the plaintiff.... As the legislative history explicitly notes, the mere *entry* of a money judgment by a governmental unit is not affected by the automatic stay, provided of course that such proceedings are related to that government's police or regulatory powers.

> "Quite separate from the entry of a money judgment, however, is a proceeding to *enforce* that money judgment. The paradigm for such a proceeding is when, having obtained a judgment for a sum certain, a plaintiff attempts to seize property of the defendant in order to satisfy that judgment. It is this seizure of a defendant-debtor's property, to satisfy the judgment obtained by a plaintiff-creditor, which is proscribed by subsection 362(b)(5)."

*N.L.R.B. v. Continental Hagen Corp.*, 932 F.2d 828, 834 (9th Cir.1991) (quoting *Penn Terra Ltd. v. Dep't of Environ. Resources*, 733 F.2d 267, 275 (3d Cir.1984) (emphasis in original)). It was this distinction that was implicitly recognized in the March 2, 1992 order, requiring that collection of any liability proceed in this Court pursuant to Title 11.

Thus the Department of Labor is free through its administrative proceedings to determine both the debtor's liabilities for back wages in addition to determining whether the debtor should be debarred from government contract practice. It is prohibited, however, by the automatic stay from issuing any order to enforce any resulting monetary judgment. The issue of the effect of any judgment is a matter entrusted to this Court by virtue of the debtor's chapter 11 filing.

■ The second issue before the Court regards whether this action should be stayed until the Department of Labor administrative law judge issues an order determining whether the debtor paid its employees all of the wages to which they were entitled. The basis of this adversary proceeding turns upon the same factual issues as does the proceeding before the Department of Labor; namely, whether or not the debtor paid to its employees those wages required by the Davis–Bacon Act. If the debtor did violate the Act, then the Navy's determination that the debtor was in violation was not wrongful. The only damages requested here are the wages that the debtor alleges have been wrongfully withheld; if the debtor did not pay its employees, the wages were properly withheld to the extent of such nonpayment.

The Ninth Circuit recently discussed the proper analysis of the case where a lawsuit and an administrative proceeding regarding the same facts are simultaneously pending.

> If a district court suit and a simultaneous administrative proceeding raise identical questions, the court can stay the suit, enjoin the parties from proceeding in the other forum or allow both actions to proceed. The third alternative effectively creates a race, needlessly multiplying the burden and expense of litigation, while generating uncertainty about which determination will be deemed conclusive. When a court becomes aware that litigation pending in another forum implicates a material aspect of the litigation before it, therefore, the court should ordinarily choose between the first and second options, which requires it to determine which is the more appropriate forum for resolving that aspect of the dispute.

*United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Steamfitters and Refrigeration Union, Local 342, AFL–CIO v. Valley Engineers*, 975 F.2d 611, 613 (9th Cir.1992). Following this direction, the Court will not allow both suits to proceed simultaneously. The automatic stay does not apply to litigation before the Department of Labor, and it is inappropriate for the Court to issue an independent stay enjoining the parties from proceeding in the other forum. Therefore, the Court stays this adversary proceeding until such time as the administrative pro-

ceedings before the Department of Labor have been concluded. Once the Department of Labor's proceedings are concluded, the Court will reopen the proceedings to permit consideration of any issues not resolved therein.

A separate order will be entered.