2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The ARLINGTON GROUP, a California limited partnership,
Plaintiff-Appellant,
v.
CITY OF RIVERSIDE, a municipal corporation; et al.,
Defendants-Appellees.
 No. 91-55580.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1993.
Decided Aug. 10, 1993.
 
 1
 Before: WOOD**, REINHARDT and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 The Arlington Group appeals the district court's dismissal and grant of summary judgment on various claims against the City of Riverside and city officials regarding the denial of Arlington's application for approval of a plan for subdivision of a portion of the River Ranch property, which is located in the City. Arlington argues that the district court erred in rejecting its claims under 42 U.S.C. Sec. 1983 and the Due Process Clause, the Equal Protection Clause, and the Contract Clause of the Constitution.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Arlington asserts constitutional claims both under 42 U.S.C. Sec. 1983[2] and directly under the Constitution. Direct constitutional claims may not be pursued against a state defendant by a plaintiff who has a Sec. 1983 remedy. Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir.1992) ("a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. Sec. 1983), cert. denied, 113 S.Ct. 1049 (1993); Ward v. Caulk, 650 F.2d 1144, 1147-48 (9th Cir.1981). Therefore, dismissal of Arlington's direct constitutional claims was proper.
 
 
 5
 The district court vacated its dismissal of Arlington's substantive due process claim and abstained from deciding the claim pursuant to Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941). Arlington argues that the district court was abstaining from deciding its direct substantive due process claim and that it may pursue a substantive due process claim under Sec. 1983 on appeal. However, the district court's orders make it clear that its initial dismissal was of both Arlington's Sec. 1983 claim and its direct claim. Because of the district court's later decision to vacate the dismissal and abstain, the Sec. 1983 substantive due process claim is not before us on appeal.
 
 II
 
 6
 Arlington argues that it has stated valid Sec. 1983 claims for denial of procedural due process, denial of equal protection, and impairment of contract based upon the actions of the City in denying its subdivision application under the zoning provisions of City of Riverside Measure R and Measure C as applied,[3] as well as other applicable law. The City argues that Arlington's Sec. 1983 claims are not ripe because the rejection of a single application does not provide "a final and authoritative determination of the type and intensity of development legally permitted on the subject property." MacDonald, Sommer & Frates v. County of Yolo, 477 U.S. 340, 348 (1986); see also Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir.1990) (quoting MacDonald ), cert. denied, 112 S.Ct. 382 (1991).
 
 
 7
 Arlington's claims are essentially challenges to the five-acre minimum lot size imposed on its property by Measures R and C, as enforced by the City. The City indicated in its August 24, 1989 letter deeming Arlington's application incomplete that the five-acre minimum was an absolute and clear line:
 
 
 8
 The properties are zoned Residential Agricultural with a minimum lot size of five acres.... No variance can be obtained from this requirement. Your applications may be made complete by filing revised applications which show all lots to have at least five acres. It would have been futile for Arlington to submit further applications proposing lots that did not comply with these requirements. See Herrington v. County of Sonoma, 857 F.2d 567, 569-70 (9th Cir.1988) (ripeness requirement is satisfied where further applications would be futile), cert. denied, 489 U.S. 1090 (1989). Thus, the determination by the City was sufficiently "final and authoritative" to render Arlington's Sec. 1983 claims ripe.
 
 III
 
 9
 The district court granted summary judgment on the merits of Arlington's due process and equal protection claims "on the grounds outlined in the [City's] Memorandum of Points and Authorities," and dismissed the impairment of contract claim for failure to state a claim. We may affirm a summary judgment or dismissal on any ground supported by the record. United Ass'n of Journeymen & Apprentices of Plumbing, Local 342 v. Valley Engineers, 975 F.2d 611, 613 (9th Cir.1992) (summary judgment); Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co., 981 F.2d 429, 435-36 (9th Cir.1992) (dismissal), cert. denied, 61 U.S.L.W. 3771 (1993).
 
 
 10
 * The Due Process Clause of the Fourteenth Amendment protects against deprivation "of life, liberty, or property, without due process of law." U.S. Const., amdt. XIV, sec. 1. The property interests which Arlington asserts are defined by state law. See Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1001 (1984); Richmond Elks Hall Ass'n v. Richmond Redevelopment Agency, 561 F.2d 1327, 1330 (9th Cir.1977) ("In determining what property rights exist ..., federal courts look to local state law.").
 
 
 11
 Arlington has no right under California law to particular zoning for its property. Avco Community Developers v. South Coast Regional Comm'n, 132 Cal.Rptr. 386, 393 (Cal.1976) ("It is beyond question that a landowner has no vested right in existing or anticipated zoning."), cert. denied, 429 U.S. 1083 (1977); Lakeview Dev. Corp. v. City of South Lake Tahoe, 915 F.2d 1290, 1295-96 (9th Cir.1990) (citing Avco ), cert. denied, 111 S.Ct. 2890 (1991). Nor does Arlington identify any provision in the agreement under which the City annexed the River Ranch property which confers any such right.
 
 
 12
 Arlington's primary contention on appeal is that it was denied "the right to process an application with respect to its property and to have that application ruled upon." It argues that the City failed to comply with Cal.Gov't Code Sec. 65943, which provides, in relevant part:
 
 
 13
 (a) Not later than 30 calendar days after any public agency has received an application for a development project, the agency shall determine in writing whether the application is complete and shall immediately transmit the determination to the applicant for the development project.... If the application is determined not to be complete, the agency's determination shall specify those parts of the application which are incomplete and shall indicate the manner in which they can be made complete, including a list and thorough description of the specific information needed to complete the application.
 
 
 14
 ... (c) If the application ... [is] determined not to be complete ..., the public agency shall provide a process for the applicant to appeal that decision in writing to the governing body of the agency.... There shall be a final written determination by the agency on the appeal....
 
 
 15
 Arlington argues that the City violated Sec. 65943 by deeming its application incomplete for non-compliance with applicable zoning ordinances, without specifying any deficiencies in the application under Riverside Municipal Code Secs. 18.08.010 et seq., regarding subdivision applications.
 
 
 16
 Arlington's application was received by the Riverside Planning Department on August 2, 1989. On August 24, 1989, the Planning Department informed Arlington by letter of its determination that the application was incomplete. The letter stated that "it is City policy not to accept as complete for processing any land division application which is inconsistent with the [City's] general plan" and that the application could "be made complete by filing revised applications which show all lots to have at least five acres." The letter also informed Arlington of its right of appeal to the Riverside City Council. The City Council unanimously denied Arlington's subsequent appeal in written minutes on October 10, 1989.
 
 
 17
 Cal.Gov't Code Sec. 65943 requires no more process than Arlington received. Arlington's argument that a subdivision application may not be deemed incomplete because of failure to comply with zoning ordinances amounts to an attack on the validity of those ordinances. As noted above, there is no right under California law to particular zoning. Avco, 132 Cal.Rptr. at 393. Therefore, the district court properly granted summary judgment on Arlington's procedural due process claim.
 
 B
 
 18
 Arlington contends that the City denied it equal protection by according more favorable zoning treatment to similar properties. This court stated in Del Monte Dunes v. City of Monterey, 920 F.2d 1496 (9th Cir.1990) that "municipal [development] decisions are presumptively constitutional and, therefore, need only be rationally related to a legitimate state interest, unless the distinctive treatment of the party involves either a fundamental right or a suspect classification." Id. at 1508. As there is no fundamental right to a particular development scheme, Avco, 132 Cal.Rptr. at 393, and Arlington has not identified any suspect class into which it falls, we employ rational basis review.
 
 
 19
 None of the other properties which Arlington identifies falls into the Residential Agricultural (RA) zone which is applicable to the River Ranch property and which was redefined by the voters of the City of Riverside in 1979 in Measure R to reduce development and preserve agricultural lands. The Hutton property is hillside property which is subject to Residential Conservation (RC) zoning, also defined in Measure R. However, both Measure R itself and a 1987 amendment to Measure R provide less restrictive zoning for RC property than RA property. Unlike Del Monte Dunes, the present case does not involve discriminatory treatment of a single piece of property. Id., 920 F.2d at 1508-09; see also Nollan v. California Coastal Comm'n, 483 U.S. 825, 835 n. 4 (1987) (singling out of landowner for regulation may violate Equal Protection Clause). Because Arlington has not raised a triable issue of material fact to support a contention that the City's zoning scheme is irrational or that the River Ranch property was singled out for discriminatory treatment, summary judgment on Arlington's equal protection claim was proper.[4]
 
 C
 
 20
 Arlington also argues that it may maintain a claim under the Contract Clause of the Constitution. However, Arlington does not identify any contract that gives it a right to development at a specified density. The annexation resolution regarding the River Ranch property provides only that the
 
 
 21
 proposed annexation will contribute to and facilitate the orderly growth and development of both the City and the territory proposed to be annexed ...; and will provide and facilitate proper overall planning and zoning of lands and subdivision of lands in said City and said uninhabited territory, in a manner most conducive to the welfare of said City and said uninhabited territory.
 
 
 22
 This language does not promise particular zoning. Nor do prior or subsequent City zoning ordinances confer any contractual rights on Arlington. Without approval of a specific development proposal, Arlington may not assert a vested right in zoning at the time of the annexation, or thereafter. Avco, 132 Cal.Rptr. at 393-94. Therefore, the district court's conclusion that Arlington failed to state a claim under the Contract Clause was proper.
 
 IV
 
 23
 Because we agree with the district court that the claims which Arlington asserts on appeal were subject to dismissal or summary judgment, we do not address the district court's failure to dismiss Arlington's "as applied" constitutional claims as barred by the statute of limitations.
 
 V
 
 24
 The parties' requests for attorneys fees on appeal are denied, pursuant to this court's discretion under 42 U.S.C. Sec. 1988. See Maag v. Wessler, 993 F.2d 718, 720-21 (9th Cir.1993).
 
 
 25
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge, Seventh Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Arlington does not challenge the district court's decision to stay its substantive due process claim under the doctrine of Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941). Arlington also does not argue that the district court erred in granting summary judgment to the individual defendants on the basis of absolute and qualified immunity
 
 
 [2]
 Arlington does not pursue a civil rights conspiracy theory, 42 U.S.C. Sec. 1985, on appeal
 
 
 [3]
 Arlington does not assert a facial challenge to Measure R or Measure C on appeal
 
 
 [4]
 The decision in Arnel Dev. Co. v. City of Costa Mesa, 178 Cal.Rptr. 723 (Cal.App.1981), on which Arlington relies, does not involve a constitutional equal protection claim