5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
Victor G. LANDS, M.D., an individual; Geoffrey Lands, an
individual; Diana Lands, an individual; Matthew
Lands, an individual, Defendants-Appellants.
 No. 91-16335.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Feb. 2, 1993.
Submitted Aug. 27, 1993.
Decided Sept. 15, 1993.
 
 1
 Appeal from the United States District Court, for the Eastern District of California, D.C. No. CV-89-00015-MDC; M.D. Crocker, District Judge, Presiding.
 
 
 2
 E.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: ALARCON, RYMER, and T.G. NELSON, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 
 6
 The Landses, makers of a promissory note, appeal the district court's grant of summary judgment and judgment, following a bench trial, in favor of the secured party, the FDIC. The district court entered an order of judicial sale, and authorized the imposition of a deficiency judgment against the Lands should the proceeds from the foreclosure sale yield less than the balance remaining on the note. While conceding the FDIC's right to a judgment of foreclosure, the Landses contend that they are relieved from personal liability for any deficiency on the grounds of fraud, mutual mistake, and lack of consideration. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 7
 * We review de novo the district court's grant of summary judgment. Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir.1992). "The proper inquiry is whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." Id.
 
 
 8
 The district court's findings of fact after a bench trial are reviewed under the clearly erroneous standard. In re San Vicente Medical Partners Ltd., 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992). Questions of law are reviewed de novo. Anderson v. United States, 966 F.2d 487, 489 (9th Cir.1992).
 
 
 9
 In reviewing decisions of the district court, we will affirm if the district court's decision is supported by any grounds fairly presented by the record. United Ass'n Local 342, AFL-CIO v. Valley Engineers, 975 F.2d 611, 613 (9th Cir.1992).
 
 II
 
 10
 The Landses first argue that the district court was clearly erroneous in finding that the Landses' fraud in the factum defense lacked a factual basis. However, even if the district court's factual findings as to the timing, circumstances, and effect of AMC's misrepresentation were clear error, the Landses' fraud defense is precluded as a matter of law. 12 U.S.C. Sec. 1823(e); D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942).
 
 
 11
 Arguing that D'Oench and section 1823(e) do not govern here, the Landses note that Langley v. FDIC, 484 U.S. 86 (1987), the Supreme Court's most recent application of D'Oench and section 1823(e), stated that "the real defense of fraud in the factum ... would take the instrument out of Sec. 1823(e), because it would render the instrument entirely void, thus leaving no 'right, title or interest' that could be 'diminished or defeated.' " Id. at 93-94 (citations omitted). Accordingly, the Landses point to the district court's determination that because the Landses "are attacking the notes themselves," "this is a case of fraud in the factum." The FDIC argues that, even if the Landses' version of the facts is adopted, AMC's statement properly should be classified as fraud in the inducement.
 
 
 12
 The FDIC is correct--AMC's fraud did not "relate to the very nature of the proposed contract itself" and therefore its statements cannot constitute fraud in the factum. See Restatement (Second) of Contracts, Sec. 163, Comments (a)-(c); U.C.C. Sec. 3-305(2)(c), Comment 7 (maker of note must "have had no reasonable opportunity to obtain knowledge" of the contents of the document). As the writing, approval, and filing requirements of 12 U.S.C. Sec. 1823(e) were not met, AMC's fraud in the inducement cannot be asserted by the Landses as a defense or otherwise serve as a basis for avoiding payment of the obligation owed to the FDIC. Langley, 484 U.S. at 96.
 
 
 13
 Further, the Landses do not qualify for the Meo "innocent borrower exception." See United States v. Meo, 505 F.2d 790, 792 (9th Cir.1974). By failing to undertake even the most superficial investigation of the written terms and full legal implications of the several million dollar loan obligation into which they freely entered, the Landses were "responsible for ... the false status of the note in the hands of the bank," and thus "lent themselves to" a scheme or arrangement likely to deceive government regulators. D'Oench, 315 U.S. at 460-61.
 
 III
 
 14
 The Landses' argue that the district court improperly granted summary judgment in favor of the FDIC after concluding that under Gunter v. Hutcheson, 674 F.2d 862 (11th Cir.), cert. denied, 459 U.S. 826 (1982), the FDIC was entitled to the status of holder in due course, and as such, was immune to the Landses' personal defense of mutual mistake. We do not need to decide whether the district court was correct in its analysis because even if the Landses could produce sufficient evidence to establish mutual mistake, this defense would render the agreement voidable, not void. See Restatement (Second) of Contracts Secs. 151, 152 and Illustr. 3, 7. "[A]s to an agreement that would be merely voidable, the D'Oench doctrine remains applicable." Newton v. Uniwest Financial Corp., 967 F.2d 340, 347 (9th Cir.1992). The Landses' mutual mistake defense is barred.[1]
 
 IV
 
 15
 Pointing to the district court's findings of fact nos. 26 and 48, the Landses contend that because AMC decided to make the loan based solely on the application of Dr. Lands, and never looked to the assets, income, or credit of the Lands children, there was no consideration for the loan agreement as between the Lands children and AMC. The Landses argue that this fact requires reversal of the deficiency judgment with respect to the Lands children.
 
 
 16
 The Landses' attempt to invoke the defense of no consideration against the FDIC is precluded as a matter of law. D'Oench, 315 U.S. at 456-62; see also FDIC v. First Nat'l Fin. Co., 587 F.2d 1009, 1011-12 (9th Cir.1978) (under D'Oench, defendants are estopped, as a matter of law, from asserting the defense of lack of consideration).
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the combination of D'Oench and section 1823(e) provides a sufficient basis to affirm the district court's summary judgment ruling, we need not reach the Landses' several arguments relating to the district court's classification of the FDIC as a federal holder in due course