9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard MARCUS, Plaintiff-Appellant,
v.
B. AISPURO Defendant,
J. Cannon, et al., Defendants-Appellees.
 No. 93-15575.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 9, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Marcus appeals pro se the district court's grant of summary judgment in favor of defendant's in Marcus's 42 U.S.C. § 1983 prisoner civil rights action. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, see Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992), and affirm.
 
 
 3
 Marcus contends that the district court improperly granted summary judgment on his claim that prison officials were deliberately indifferent to his serious medical needs by failing to obtain x-rays or prescribe other diagnostic tests after he injured his back in a fall. We disagree. Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain and is proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligent or isolated occurrences of neglect." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (citation omitted). Mere indifference, negligence or medical malpractice will not support a deliberate indifference claim. See Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 4
 Here, Marcus slipped and injured his back and wrist on February 7, 1989 while climbing into his upper bunk. The voluminous medical evidence supplied by Marcus amply demonstrates that he was seen frequently, sometimes daily, by both medical technical assistants and physicians throughout the period he complained of back pain. Although it is true that until November 13, 1989, all physicians and medical technicians agreed that x-rays were unnecessary, even after the x-rays and neurological evaluations were performed in 1989, 1990, and 1992, the treatment remained the same: analgesics and rest. Nothing in the record indicates that the diagnosis and treatment would have been different had x-rays been ordered immediately after the fall or that delay in treatment caused Marcus substantial injury. See Wood, 900 F.2d at 1335.
 
 
 5
 Because Marcus failed to raise a triable issue of material fact or to show that he is legally entitled to relief, the district court properly granted summary judgment on Marcus's federal claim. See id. at 1334. Because the district court properly granted summary judgment on Marcus's federal law claim, the district court properly declined to exercise pendant jurisdiction over Marcus's possible state law tort action. See Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir.1990).[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we may affirm on any ground presented in the record, see United Ass'n Local 342 v. Valley Engineers, 975 F.2d 611, 613 (9th Cir.1992), we need not address Marcus's remaining contentions